1                                                                               **O**

2

3

4

5

6

7

8
                        UNITED STATES DISTRICT COURT
9
                        CENTRAL DISTRICT OF CALIFORNIA
10
                            WESTERN DIVISION
11

12

13    MICHAEL CHAMNESS, DANIEL          )      CASE NO. CV 11-01479 ODW (FFMx)
      FREDERICK, and RICH WILSON,       )
14                                       )
                        Plaintiffs,      )      Order **GRANTING** *Ex Parte*
15                                       )      Application to Shorten Time for
      vs.                                )      Hearing [128] [Filed 7/14/11],
16                                       )      **DENYING** Motion to Intervene [127]
      DEBRA BOWEN, DEAN LOGAN; and)             [Filed 7/14/11], and **VACATING**
17    DOES 1 through 10, inclusive,      )      Hearing Thereon
                                         )
18                        Defendants.    )
                                         )
19    ABEL MALDONADO, CALIFORNIA )
      INDEPENDENT VOTER PROJECT,         )
20    and CALIFORNIANS TO DEFEND         )
      THE OPEN PRIMARY,                  )
21                                       )
                        Intervener-      )
22                      Defendants       )
      _____)
23
                          **I.    INTRODUCTION**
24
          Pending before the Court is Intervener-Applicant Julius Galacki's ("Galacki") *Ex*
25
      *Parte* Application to Shorten Time for Hearing and Motion to Intervene, both of which
26
      were filed on July 14, 2011.  (Dkt. Nos. 128, 127.)  Defendant Debra Bowen ("Bowen")[1]
27

28
      _____
          [1]  Galacki asserts that Defendant Dean Logan takes no position with respect to the instant *Ex*
      *Parte* Application and Motion.  (Dutta Decl. ¶ 15.)

                                          1

and Intervener-Defendants, California Independent Voter Project, Abel Maldonado, and Californians to Defend the Open Primary (collectively, "Intervener-Defendants"), filed their respective Preliminary Oppositions on July 15, 2011, (Dkt. Nos. 124, 126), to which Galacki filed a Reply on July 19, 2011 (Dkt. No. 135). Having considered the papers filed in support of and in opposition to the instant Application and Motion, the Court deems the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. The August 15, 2011 hearing on this matter is **VACATED**. Galacki's *Ex Parte* Application to Shorten Time for Hearing is hereby **GRANTED** and, consequently, the Court rules on Galacki's Motion to Intervene. For the reasons discussed below, Galacki's Motion to Intervene is **DENIED**.

## II.    FACTUAL BACKGROUND

The Court has recounted the legislative background of this case in its previous Orders. (*See* Dkt. Nos. 43, 80.) Thus, the Court only recounts those facts relevant to the instant Motion to Intervene. In this constitutional challenge to the provisions of California Senate Bill 6 ("SB6") and California's Proposition 14, Galacki claims that unless he is allowed to intervene, he will be "deprived of a critical opportunity to vindicate his fundamental rights." (Mot. at 5.) Galacki alleges that he decided to run for the July 12, 2011 general election on June 13, 2011. (Mot. at 7.) Galacki further alleges that he requested write-in papers, which were not provided to him, and his subsequent write-in vote for himself was not counted. (Mot. at 7-8.)

Galacki "brings three sets of claims against SB6." (Mot. at 9.) First, just as Plaintiff Frederick, Galacki claims that "SB6 violated his rights under the Elections Clause, First Amendment, and Due Process Clause, when it barred him from running as a write-in candidate in the [July 12, 2011 general election]." Second, just as Plaintiff Wilson, Galacki claims that "SB6 violated [his] rights under the Elections Clause, First Amendment, Fourteenth Amendment, and Due Process Clause, when it banned Registrar Logan from counting his write-in vote." (Mot. at 9.) Third, just as Plaintiff Chamness, Galacki claims that "SB6 is poised to violate [his] rights under the Elections Clause, First Amendment, and Fourteenth Amendment, for it will force him – a 2011-12 Tea Party

candidates – to falsely state on the ballot that he has 'No Party Preference.'" (Mot. at 9.)

Additionally, Galacki raises two allegedly "unique as-applied Elections Clause claims against SB6: (1) it unlawfully banned him from running as a write-in candidate in the special general election for Congressional District 36, and (2) it unlawfully forced Defendant Logan not to count the write-in vote that he cast for himself." (Mot. at 13.)

## III.   DISCUSSION[2]

The Ninth Circuit requires an applicant for intervention as of right under Federal Rule of Civil Procedure 24(a)(2) to demonstrate that "(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (quoting *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002)). "Each of these four requirements must be satisfied to support a right to intervene." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003), *cert. denied sub nom. Hoohuli v. Lingle*, 540 U.S. 1017 (2003) (quoting *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997)). While "Rule 24 traditionally receives liberal construction in favor of applicants for intervention[,]" *Arakaki*, 324 F.3d at 1083, it is incumbent on "[t]he party seeking to intervene [to show] that all the requirements for intervention have been met." *Alisal Water Corp.*, 370 F.3d at 919.

Here, there is no doubt that Galacki satisfies the first two elements. Galacki's purported claims regarding write-in voting are related to a significant protectable interest and the disposition of this case may affect that protectable interest. Galacki, however, fails to establish that his Motion is timely. "Timeliness is a flexible concept; its

---

[2] As a threshold issue, Galacki has not complied with Federal Rule of Civil Procedure 24(c), which requires that a motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." While Galacki's Motion sets forth his claims in detail, Galacki neglects to attach a proposed pleading to his Motion. Despite this procedural defect, however, the Court considers Galacki's claims as presented in his Motion.

determination is left to the district court's discretion." *Alisal Water Corp.*, 370 F.3d at 921 (quoting *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1156 (9th Cir. 1981)). "Courts weigh three factors in determining whether a motion to intervene is timely: '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.'" *Id.* (quoting *Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002)). Here, because the parties have expressed their joint belief this case will be resolved on summary judgment, (Dkt. No. 92), and a motion for summary judgment is currently pending before the Court, this case is at a very late stage of the litigation. Indeed, the Court has indicated that a grant of summary judgment is likely forthcoming in a matter of weeks. (*See* Dkt. No. 123.) Yet, Galacki now seeks to intervene just before these dispositive issues are decided. Galacki's Motion to Intervene expresses his wish to incorporate his as-applied claims into the pending Motion for Summary Judgment. Yet, he waited to file his Motion until over one month after the Court had taken the Motion for Summary Judgment under submission. (*See* Dkt. No. 122.) These dilatory tactics and the surrounding circumstances weigh against intervention. *See Alisal Water Corp.*, 370 F.3d at 922 ("Intervention has been denied even at the pretrial stages when 'a lot of water [has] passed under . . . [the] litigation bridge.'").

Moreover, if the Court allowed Galacki to intervene, the opposing parties would have to re-assess Galacki's pleading, which was not attached to the instant Motion, and would have to re-file Oppositions to the pending Motion for Summary Judgment to address Galacki's claims. This is especially prejudicial considering the parties' agreement to resolve this case on summary judgment, which is currently pending before the Court. Finally, although Galacki claims that his Motion is timely because he "rushed to the Court only hours after his write-in vote was not counted," (Mot. at 20), there is nothing that prevented Galacki from knowing the law in California, which provides that write-in votes will not be counted in general elections. *See* Cal. Elec. Code § 8606. Therefore, Galacki knew or should have known that his vote would not be counted. He could have easily brought facial claims challenging the underlying statutes at a much

earlier stage of the litigation, rather than waiting until the eleventh hour to bring as-applied claims. *See Edelstein v. City & County of San Francisco*, 29 Cal. 4th 164, 178 (2002) (noting that any burdens suffered because candidates choose to make decisions with respect to their campaigns later rather than earlier should be borne by the candidates themselves). Indeed, Galacki has not proffered any reasonable excuse for his delay. Accordingly, because each of the three factors point to a finding that Galacki's Motion is untimely, this factor weighs against permitting Galacki to intervene.

Additionally, Galacki fails to establish that the existing parties are not able to adequately represent his interest. The Ninth Circuit "considers three factors in determining the adequacy of representation: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki*, 324 F.3d at 1086 (quoting *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986)). In this case, Galacki concedes that his first three claims – (1) that he was barred from running as a write-in candidate, (2) that his write-in vote was not counted, and (3) that he will be required to state that he has "No Party Preference" on the ballot – are already addressed by Plaintiffs' pending Motion for Summary Judgment. Specifically, Frederick claims that he was barred from running as a write-in candidate, Wilson claims that his write-in vote was not counted, and Chamness claims that he was required to state that he had "No Party Preference" on the ballot. To the extent that Galacki argues that he brings "two unique" challenges – that SB6 (1) violated his fundamental right to run for office under *Cook v. Gralike*, and (2) violated his fundamental right to cast a write-in vote and have it counted under *Cook v. Gralike* – the Court finds Galacki's argument unpersuasive. Galacki argues that neither Frederick nor Wilson have asserted claims under *Cook v. Gralike*, which Galacki asserts only applies to federal candidates. Frederick and Wilson, however, rely extensively on *Cook v. Gralike* in their Motion for Summary Judgment, contending that it applies to their state candidacy. Galacki's argument in this respect is, therefore, disingenuous. Indeed,

the claims he seeks to bring mirror those of Frederick, Wilson, and Chamness in all material respects. Consequently, there is no reason to conclude that Galacki's interests will not be adequately protected in his absence.

## IV.    CONCLUSION

In sum, Galacki fails to carry his burden to establish that all the requirements for intervention have been met. Galacki's Motion is **DENIED**.


**IT IS SO ORDERED.**

July 21, 2011

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE